# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| JOHN J. HALL | CIVIL ACTION NO. 06-2177 |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on November 13, 2006, by *pro se* petitioner John J. Hall. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana, where he is serving the 40-year sentence imposed following his December 2001 manslaughter conviction in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On October 3, 1996, petitioner was indicted by the Ouachita Parish Grand Jury and charged with one count of second degree murder. [doc. 1-4, p. 11] On December 10, 2001, he pled guilty to the lesser included offense of manslaughter pursuant to a plea agreement

1

articulated as follows by the trial judge, "Now, you have been charged with Second Degree Murder. It's my understanding that the plea agreement is that you will plead guilty to Manslaughter and that a pre-sentence investigation will be conducted and that your sentence will be up to the discretion of the court." [doc. 1-4, p. 5] On February 21, 2002, petitioner was sentenced to serve 40-years at hard labor. [see doc. 1-4, p. 27] His motion to reconsider sentence was denied and he appealed to the Second Circuit Court of Appeals arguing a single assignment of error, excessiveness of sentence. On September 18, 2002, the Second Circuit affirmed the sentence. *State of Louisiana v. Hall*, 36355 (La. App. 2d Cir. 9/18/2002), 828 So.2d 120.

On September 24, 2002, petitioner's court-appointed appellate counsel mailed petitioner a copy of the Second Circuit's appellate decision. Counsel advised petitioner that he would not seek further review. He further advised petitioner concerning the time limits for filing a petition for *certiorari* in the Louisiana Supreme Court and the time limits for seeking post-conviction relief. [doc. 1-4, pp. 25-26] Petitioner did not seek further review in the Louisiana Supreme Court.[1]

On August 18, 2004, petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court raising claims of (1) racial and gender discrimination in the selection of the foreman of the Grand Jury which indicted him; (2) ineffective assistance of

---

[1] A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no published Supreme Court writ judgments referencing the docket number of the Second Circuit Appeal decision. See Westlaw® database, query:
https://web2.westlaw.com/Welcome/Louisiana/default.wl?blinkedcitelist=False&rs=WLW2.05&ss=CXT&origin=Search&sv=Split&action=EditQuery&cfid=1&fn=_top&fcl=True&sskey=CLID_SSSA475414111&mt=Louisiana&eq=Welcome%2fLouisiana&method=TNC&query=TI(JOHN+%2b+HALL)&srch=TRUE&effdate=1%2f1%2f0001+12%3a00%3a00+AM&db=LA-CS&ssrc=30&vr=2.0&service=Search&cnt=DOC&rltdb=CLID_DB475414111&scxt=WL&docsample=False&cxt=RL&rp=%2fWelcome%2fLouisiana%2fdefault.wl&utid=%7b09846306-2B8B-4E3F-B643-7E7D53236226%7d

counsel for failing to file a motion to quash the indictment based upon the Grand Jury foreman selection process; and (3) involuntary plea. On September 14, 2004, the district judge denied his application. [doc. 1-4, pp. 27-28] Petitioner apparently sought writs in the Second Circuit, and, on some unspecified date, that court denied relief in an unpublished judgment under docket number 40900-KH. He then sought review in the Louisiana Supreme Court. His writ application was denied on September 15, 2006. *State ex rel. John J. Hall v. State of Louisiana*, 2006-0556 (La. 9/15/2006), 936 So.2d 1263.

He signed his federal *habeas corpus* petition on November 7, 2006; it was received and filed on November 13, 2006. Petitioner argues three claims for relief: (1) that his guilty plea was involuntary; (2) racial and gender discrimination in the selection of the foreman of the Grand Jury which indicted him; and, (3) ineffective assistance of counsel based upon "racial conflict of interest." [doc. 1-3]

*Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

3

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence. His sentence was affirmed by the Second Circuit Court of Appeals on September 18, 2002. See *State of Louisiana v. Hall*, 36355 (La. App. 2d Cir. 9/18/2002), 828 So.2d 120. Petitioner did not seek further direct review by filing an application for writs in Louisiana's Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days after notice of judgment was mailed, on or about October 24, 2002.[3] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

[3] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." According to the letter from court-appointed appellate counsel, he received the Second Circuit's opinion on September 24, 2002. [doc. 1-4, p. 25] In the absence of evidence to the contrary, it is assumed that the Second Circuit mailed notice of judgment on the date the judgment was rendered. Nevertheless, the undersigned will use the date that counsel <u>received</u> notice of judgment, September 24, 2002, as the benchmark date for the purposes of this Report.

Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Therefore, petitioner had until October 24, 2003, to file his federal *habeas corpus* suit. He cannot rely on the tolling provision provided by 28 U.S.C. §2244(d)(2) because he did not file his Application for Post-Conviction Relief until August 18, 2004, and by that time, the period of limitations had already lapsed and could not be revived.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). The undersigned knows of no reason which would support equitable tolling of the statute of limitations. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year

limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 11th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE